Commonwealth *v.* Alexander, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*R. Barclay Surrick.* Assistant Public Defender, for appellant.

*John G. Siegle, Anna Iwachiw Vadino,* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., December 11, 1974:

The appellant, Henry L. Alexander, raises this appeal from the judgment of sentence in which his probationary status was revoked and he was sentenced to two consecutive terms of two and one-half to five years

on two counts of burglary. Appellant's probation viola-
tions were alleged to be his failure to report an arrest
which occurred during his probation, and the arrest
itself, which was allegedly based on probable cause.

Appellant contends that his rights to due process
of law were violated when a jail sentence was imposed
without appellant's first having been notified in writing
of the charges which constituted the probation viola-
tion. We agree, and will reverse the judgment of sen-
tence.

The facts are as follows: Appellant entered guilty
pleas to two charges of burglary on December 6, 1971.
After a pre-sentence investigation, appellant was sen-
tenced to three years probation on each count, the
probations to run consecutively. He was also ordered
to pay $50.00 on each count, plus costs.

In January of 1974, appellant was arrested on
charges of burglary, theft, and receiving stolen goods.
On January 18, 1974, his parole agent discovered that
appellant was incarcerated due to these charges and
immediately lodged a detainer with the Delaware Coun-
ty Prison for probation violation. The agent visited
appellant at the prison on January 26, 1974, and orally
advised appellant that he had violated probation be-
cause of the arrest.[1]

At the Probation Violation Hearing, the lower court
refused to permit the agent to state whether he had
provided appellant with written notice of the charges
against him for probation violation.[2] There is nothing

---

[1] At the Probation Violation Hearing held February 1, 1974,
the agent admitted he had *not* informed appellant that his failure to
report the arrest was also a violation of probation. (NT 8)

[2] The refusal of the lower court to admit evidence of whether
appellant had received written notice of the charges appears in the
transcribed notes of the Probation Violation Hearing at 9: "Q.
Did you at any time previous to this date submit to the defendant
Mr. Alexander a written statement of the charges against him for

on record to indicate that written notice of the charges had been provided appellant before the jail sentence was imposed.

Appellant's probation was revoked at the conclusion of the hearing, and he was ordered to be incarcerated as a probation violator, and to pay the costs of prosecution.

The opinion of the sentencing judge, the Honorable Dominic D. JEROME, states that the decision to revoke appellant's probation "rests upon the probable cause for the arrest of [appellant] on the burglary and related charges. In addition, the [appellant] failed to report his arrest to the parole officer, a violation of one of the conditions of his probation." The opinion further states that the agent visited appellant in jail and there advised him of the charges against him. However, as stated at note 1 of this opinion, Agent Carter testified that he did *not* notify appellant of the technical violation, i.e., the failure to report the arrest, but only of the substantive violation, i.e., the arrest itself.

Despite Agent Carter's oral notification to appellant, we must reverse the judgment of sentence. The United States Supreme Court has decided that minimum due process requires that *written* notice of claimed violations of parole be provided to the alleged offender: "Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing

---

probation violation? THE COURT: He needn't answer. I have ruled that he need not answer, Mr. Strohm."

body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey v. Brewer,* 408 U.S. 471, 488-89 (1972).

The Pennsylvania Supreme Court has held that *Morrissey* is applicable to probation revocations as well as to parole revocations. See *Commonwealth v. Kates,* 452 Pa. 102, 305 A. 2d 701 (1973), in which the court states at note 10: "We should also note that we believe that Morrissey v. Brewer, supra, is applicable to probation revocations as well as parole revocations and thus the Due Process Clause of the Fourteenth Amendment requires that the state afford an individual some opportunity to be heard prior to a revocation order."

In the opinion of the court below it is stated that appellant waived his right to raise the issue of lack of written notification because he made no objection before the hearing began. We do not find that appellant waived this issue by his failure to object at the probation revocation hearing.

Our state Supreme Court has stated in *Commonwealth v. Kates, supra*: "Neither Morrissey, nor any other decision that has come to our attention, requires that a revocation hearing be conducted with the same procedural and evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts. *In this area of rights of probationers and parolees the controlling factor is not whether the traditional rules of evidence or procedure including Fourth and*

*Fifth Amendment exclusionary rules, have been strictly observed, but rather whether the probative value of the evidence has been affected.* As discussed above, the purpose of the revocation hearing is simply to establish to the satisfaction of the judge who granted probation that the individual's conduct warrants his continuing as a probationer." 452 Pa. at 118-19, 305 A. 2d at 710 (1973) [Emphasis added.]

The probation revocation hearing, as stated in *Kates, supra,* was not intended as the forum in which the strictures of the rules of evidence are to be tested, but rather as the forum in which the probative value of evidence produced warrants the continuation of probationary status, or the revocation thereof. Whereas we agree that raising the issue at this early stage would facilitate the legal process, it would be in derogation of the minimum due process rights of an alleged probation violator to require him to raise lack of notice at a less-than-formal hearing or waive his right to do so.

The judgment of sentence is reversed and the case remanded with instructions to hold a new probation violation hearing consistent with this opinion.

DISSENTING OPINION BY VAN DER VOORT, J. :

The appellant, Henry L. Alexander, on December 6, 1971, entered pleas of guilty to two charges of burglary. After a pre-sentence investigation, appellant was sentenced to probation for a period of three years (upon payment of costs) on each of the two counts, said probations to run consecutively.

On September 21, 1973, a Probation Violation Hearing was held, with no action taken on the alleged violation. The matter was continued instead on condition that appellant enroll at a drug rehabilitation center and work out a schedule for the payment of costs. Subsequently, appellant was arrested by the police on

charges of burglary, theft, and receiving stolen goods. Appellant's probation officer discovered the fact of these arrests and lodged a detainer at the Delaware County Prison on January 18, 1974, for probation violation. The agent visited appellant at the jail on January 26, 1974, and *orally* advised appellant that he had violated his probation *because of the arrest.* A Probation Violation Hearing took place on February 1, 1974, at which time the probation violations were alleged to be:

(1) Appellant's arrest on the strength of probable cause; and

(2) Appellant's failure to report the arrest to the parole officer. At the conclusion of the hearing, the Court revoked appellant's probation and sentenced appellant to serve two terms of imprisonment of two and one-half to five years, plus costs of prosecution, said sentences to run consecutively.

Appellant argues that his due process rights, as enumerated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) and *Commonwealth v. Kates,* 452 Pa. 102, 305 A. 2d 701 (1973), have been violated in that he was not given *written* notice of *all* the charges against him. (Appellant alleges other due process violations, but they are totally without merit.) Our Supreme Court has said that "the minimum due process requirements . . . include (a) written notice of the claimed violations of [probation]. . . ." 452 **Pa.** at 117-118.

It is clear that appellant was informed *orally* that he had violated his parole *by being arrested,* but that he was never formally informed before the hearing itself that his failure to report the arrest would also be a charge against him.

Despite his belated claim that the violation of probation proceedings should be declared a nullity the

appellant has made no allegations that he was unaware that he had violated his probation by failing to inform his parole officer of his arrest; he has not alleged (nor can we define from the record) any prejudice to himself and he failed to object before the time of the hearing to the failure of the agent to specify the alleged violations in writing. These circumstances indicate that the want of written notice was not a matter of importance to appellant, and by his conduct he has waived his right to such notice.

I would not remand the case for a new hearing on the probation violation but would affirm the action of the trial court.

CERCONE, J., joins.