Wood *v.* Tucker et al., Appellants.

Argued September 11, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harold B. Fink, Jr.,* with him *Fink and Young,* for appellants.

No appearance entered nor brief submitted for appellee.

OPINION BY HOFFMAN, J., December 11, 1974:

Appellants contend that it was error for the trial court to consider extrajudicial evidence after completion of a habeas corpus hearing to determine the custody of two minor children.

Litigation between the parties originated in 1971. Michael Wood, appellee, and his wife, Susan, parents of the children who are the subject of these proceedings, were living apart from May, 1970, until February, 1971. On February 7, 1971, appellee and his wife were involved in an automobile accident which resulted in Susan Wood's death. Shortly thereafter, appellants, maternal grandparents of Michael Brian Wood, now age seven, and Robin Renee Wood, now age four, brought a habeas corpus proceeding wherein they requested custody of the two children. In July, 1971, the trial court granted custody to the grandparents. The court's decision was based on the father's lack of employment, the unavailability of a settled home, and on the previous care of the children by the grandmother over extended periods of time.

In May, 1973, appellee petitioned the court for a modification of the custody order to obtain custody of his children. Two days of hearings were held in March, 1974. The trial judge made the following order: "AND Now, March 19, 1974, after hearing, *further reports,* and consideration in the above matter, the order of July 1, 1971, is hereby modified and the custody of Michael Brian Wood and Robin Renee Wood is hereby awarded to the Petitioners, Michael Wood and his wife, Bonnie Wood, until further Order of the Court. . . ." (Emphasis added).

Further, the trial judge noted in his opinion of April 29, 1974, that he had relied on information related to

him dehors the record by Judge and Mrs. William Potter concerning appellee's second wife: "Judge and Mrs. Potter reported to this Court that this girl was an exceptionally fine, young woman, very capable, and a person with whom they have full confidence when they would leave their children in her care. . . ." The trial judge also considered Child Welfare reports that were not available to the appellants: "An order was not made following the last hearing pending a report as to completion of the father's schooling and obtaining employment, and receipt of reports from Child Welfare as to both homes. However, the situation has now resolved itself, and we feel it appropriate that an order of custody be made." All the extrajudicial evidence related to the court's original grounds for denying custody of the children to the natural father.

The law governing these facts is clear. A long line of Pennsylvania cases has held that ". . . reports of investigators, agents, and doctors cannot be received in evidence, or considered by the court, in a contested case. [citations omitted]. The investigators, agents, doctors, etc., must themselves be produced, sworn and examined as witnesses and be subject to cross-examination. . . ." *Commonwealth ex rel. Oncay v. Oncay,* 153 Pa. Superior Ct. 569, 570, 34 A. 2d 839 (1943). See also, *Commonwealth ex rel. Rubertucci v. Rubertucci,* 159 Pa. Superior Ct. 511, 49 A. 2d 269 (1946); *Commonwealth ex rel. Balick v. Balick,* 172 Pa. Superior Ct. 196, 92 A. 2d 703 (1952); *Commonwealth ex rel. Mathis v. Cooper,* 188 Pa. Superior Ct. 113, 146 A. 2d 158 (1958). The right of a litigant to in-court presentation of evidence is essential to due process: "In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg v. Kelly,* 397 U.S. 254, 269 (1970) (citing extensive authority).

In the instant case, the trial judge had before him "ex parte" reports from former employers of petitioner's wife and from a social agency that investigated the adequacy of petitioner's home. Although there may have been sufficient evidence of record to justify the court's finding, the denial of access to appellants of information relevant to the trial court's decision is violative of the process due to all litigants.

Order of the court below is reversed and the case is remanded for further proceedings consistent with this opinion.