## Commonwealth *v.* Ball, Appellant.

582

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *J. David Bean,* Assistant District Attorneys, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

Appellant contends that the revocation of his probation did not satisfy the due process safeguards required by *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), and *Morrissey v. Brewer*, 408 U.S. 471 (1972). Consistent with several recent decisions of this Court, we must vacate the revocation of probation and remand for further proceedings in the court below.

Appellant pleaded guilty to several charges on January 8, 1974, and was sentenced to four years' probation on a burglary charge, two years' probation on a larceny charge, and two years' probation on a charge of receiving stolen property, all three sentences to run concurrently. During the terms of his probation, however, appellant was arrested on two occasions: on June 17, 1974, for burglary, larceny, receiving stolen property, and conspiracy, and on June 19, 1974, for criminal attempt and conspiracy. It appears that appellant was afforded a preliminary hearing on these charges, but had not been brought to trial prior to the dates of the probation revocation hearing. The probation revocation hearing was commenced on August 23, 1974. Appellant's probation officer testified, but because the arresting officer was unavailable, the lower court continued the hearing until September 3, 1974. At the close of testimony, the court revoked appellant's probation and imposed a sentence of two to four years' imprisonment.

In *Gagnon v. Scarpelli,* supra, the United States Supreme Court held that a two-step procedure was required before probation is constitutionally revoked: "[A] parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole and the other a somewhat more comprehensive hearing prior to the making of a final revocation decision." 411 U.S. at 781-782. *See also Commonwealth v. Henderson,* 234 Pa.

Superior Ct. 498, 340 A.2d. 483 (1975); *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975); *Commonwealth v. Alexander,* 232 Pa. Superior Ct. 57, 331 A. 2d 836 (1974). The preliminary or *Gagnon I* hearing is designed to determine whether there is probable cause to believe that the probationer has violated the terms of his probation. The actual revocation, or *Gagnon II* hearing is more complete, and consequently affords the probationer additional due process safeguards, including *inter alia,* "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation) . . ." *Gagnon v. Scarpelli,* supra, at 786; *Morrissey v. Brewer,* supra, at 489.

It is constitutionally permissible to hold the probation revocation hearing after the arrest, but prior to the trial, on the charge which is the probation violation. *Commonwealth v. Kates,* 452 Pa. 102, 305 A. 2d 701 (1973). In such a situation, a probationer must be afforded two hearings, unless he has received a preliminary hearing in the Court of Common Pleas. We held in *Commonwealth v. Davis,* supra, that the purpose of the *Gagnon I* hearing is served by a conviction in Municipal Court or Common Pleas, or by a preliminary hearing in the Court of Common Pleas. Thus, there was no necessity to hold a *Gagnon I* hearing in the instant case, because appellant did receive a preliminary hearing. The narrow issue presented, therefore, is whether the one revocation hearing appellant did receive was sufficient to constitute a *Gagnon II* hearing.

The arresting officer testified, over appellant's objection, regarding the two arrests which were alleged to be the probation violations. This can amount to a *Gagnon I* hearing because it provided probable cause to believe that a violation had been committed. It cannot, however, constitute a *Gagnon II* hearing because the court did not specifically find good cause for not allowing confronta-

tion. This exact situation was presented in *Commonwealth v. Davis,* supra, and we remanded for a *Gagnon II* hearing. The same result is required in this case.

Judgment of sentence is vacated, and the case remanded for proceedings consistent with this opinion.[1]

WATKINS, P.J., and JACOBS, J., dissent.

---

1. Appellant's probation officer testified that appellant had violated his probation by changing his address without notifying the authorities. Apparently, however, this was never listed as a formal charge, and the lower court's opinion makes no mention of it. It would be improper for this Court to affirm the revocation of probation on this basis, because the purpose of the *Gagnon II* hearing is to determine whether the probationer should be recommitted to prison. Thus, the judge who hears the probation revocation is not required to impose a prison sentence even if he determines that the probation was violated. We cannot say that appellant's probation would have been revoked had this technical violation been formally charged and considered by the court in its opinion. That is a matter in the first instance for the trial court.

It was also stated by the probation officer, and mentioned in the opinion of the lower court, that urine tests for heroin use proved positive. We cannot accept this as a basis for revoking the probation either. The court's entire opinion, except for the statement of this fact, deals with the arrests. The court did not discuss appellant's possible drug addiction, other than to mention the results of the tests. Again, we cannot say with any degree of certainty that the lower court would have revoked probation on this basis alone.