## Commonwealth *v.* Kile, Appellant.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.*, Assistant Public Defender, for appellant.

*Stewart J. Greenleaf* and *J. David Bean*, Assistant District Attorneys, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., October 28, 1975:

Appellant contends, *inter alia*, that his parole was improperly revoked because he did not receive written notice of his alleged parole violations. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Court held that written notice of the claimed violations of parole is one of the minimum due process safeguards which must be afforded to a claimed parole violator. See also *Commonwealth v. Kates*, 452 Pa. 102, 305 A. 2d 701 (1973). Although this issue was not raised in the court below, we are not precluded from addressing the merits of appellant's contention: "The probation revocation hearing . . . was not intended as the forum in which the strictures of the rules of evidence are to be tested, but rather as the forum in which the probative value of evidence produced warrants the continuation of probationary status, or the revocation thereof. Whereas we agree that raising the issue at this early stage would facilitate the legal process, it would be in derogation of the minimum due process rights of an alleged probation violator to require him to raise lack of notice at a less-than-formal hearing or waive his right to do so." *Commonwealth v. Alexander*, 232 Pa. Superior Ct. 57, 62, 331 A. 2d 836, 838-839 (1974).

It should also be noted that appellant did not receive the two hearings required by *Gagnon v. Scarpelli*, 411

U.S. 778 (1973), and *Morrissey v. Brewer,* supra. The one hearing appellant did receive did constitute a *Gagnon I* hearing, in that probable cause to believe that a violation of parole had occurred was shown, but the case should be remanded for a *Gagnon II* hearing to determine whether parole should be revoked. See *Commonwealth v. Henderson,* 234 Pa. Superior Ct. 498, 340 A.2d 483 (1975); *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975).

Judgment of sentence is reversed, and the case remanded to the lower court for further proceedings consistent with this opinion.

———

DISSENTING OPINION BY CERCONE, J.:

Principally, I dissent for the same reasons which persuaded me to join Judge VAN DER VOORT'S dissenting opinion in *Commonwealth v. Alexander,* 232 Pa. Superior Ct. 57, 62 (1974). The steady stream of "waiver" decisions handed down by this court and our Supreme Court only fortifies my conclusion that, by failing to object to the lack of *written* notice of alleged parole violations at the parole revocation hearing, the parolee waives the right to raise that question on *direct appeal.*[1]

Of course, the essence of the majority's viewpoint in *Alexander,* and the basis of this court's decision today, is not lost on me; to wit, that a "less than formal hearing" is not a proceeding at which a valuable due process right may be waived. But, whatever the procedural informality of a parole revocation hearing, there can be no doubt that it is substantively crucial to the parolee. That, indeed, is the very basis for the Supreme Court's

———

1. See, e.g., *Commonwealth v. Kearney,* 459 Pa. 603 (1975); *Commonwealth v. Blair,* 460 Pa. 31 (1975); *Commonwealth v. Coleman,* 458 Pa. 324 (1974); *Commonwealth v. Clair,* 458 Pa. 418 (1974); *Commonwealth v. Wardell,* 232 Pa. Superior Ct. 468 (1975); *Commonwealth v. Miller,* 232 Pa. Superior Ct. 171 (1975); *Commonwealth v. Roberts,* 237 Pa. Superior Ct. 336 (1975).

decisions in *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). Especially in a case such as this where he has been represented by counsel, it is not severe to require the parolee to call the failure of written notice to the court's attention at the hearing. Presumably, before the *Alexander* decision, it was very likely counsel would do so if the failure of written notice had interfered with the preparation of the parolee's defense.[2] However, now it is in the parolee's best interests not to bring that oversight to the court's attention; rather, that issue will only be raised, on appeal, if the court revokes parole, giving the parolee two chances at a favorable decision by the court.

Therefore, I would require counsel for a parolee to raise a lack of written notice at the parole revocation hearing, and treat a failure to do so as a waiver of that right. If the failure of notice, waived at the hearing, does prejudice the parolee's defense, that issue should be raised in a collateral attack upon the court's decision incarcerating him.

In conclusion, I would not disturb the order of the court revoking appellant's parole on the grounds stated by the majority. Appellant is correct, however, in contending that the order is ambiguous insofar as the length of his sentence is concerned, so that I would remand for a clarification of the order in that regard.[3]

JACOBS and VAN DER VOORT, JJ., join in this dissenting opinion.

---

2. In the instant case, there is no indication by counsel that his preparation or defense of appellant was in any way hampered by the failure of written notice.

3. Appellant also contends that the court erred in failing to give him credit for time served when it set his sentence at twenty-three months. Since he had served sixty days before his parole, appellant contends that the maximum sentence he could receive was twenty-one months. The record is indeed ambiguous in this regard.