360 A.2d 733

**COMMONWEALTH of Pennsylvania**

v.

**James R. MARTIN, Appellant.**

Superior Court of Pennsylvania.

June 28, 1976.

John J. Dunn, Sr., Defender, Robert T. Gownley, Jr., Asst. Public Defender, Scranton, for appellant.

Paul R. Mazzoni, Dist. Atty., Scranton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge.

This is an appeal from an order revoking probation and imposing sentence.

On March 25, 1974, appellant pleaded guilty to criminal attempt (theft). On August 30 he was placed on probation for three years and ordered to pay costs and a fine of $100 to the use of Lackawanna County. On October 23 he was served with the following document:

C.A. 1046 of 1973, *Commonwealth v. James R. Martin.* Now, October 23, 1974, on motion of the Probation Officer, a capias is awarded for James R. Martin, the above Probationer, for violation of probation. By the Court, Walsh, J.

On November 8 a probation revocation hearing was held. At the start of the hearing counsel for appellant objected

to the lack of notice, stating, "I have no copy of any violation of parole [sic] and no specifications, no notice, no charge, nothing which the defendant can defend." The hearing continued nevertheless. After finding that appellant "did not remain sober and he did not keep the company he should keep and that he violated laws of the Commonwealth of Pennsylvania and that he did not keep good hours," the lower court revoked appellant's probation and sentenced him to 1½ to 3 years in prison. This appeal followed; the order of certiorari issued on December 9.

While the appeal was pending, the lower court, on February 10, 1975, ordered that "a new Parole Revocation Hearing be held on February 14, 1975." The order recited that it was entered "on the representation contained in the aforegoing stipulation of counsel for the Commonwealth and the defendant." Paragraphs 3 and 4 of the stipulation stated:

3.  Defendant's counsel objected at the Parole Hearing [of November 8, 1974] that he did not have a written specification of the Rules of Probation which he was accused of violating. A subsequent check by the District Attorney's Office revealed that, in fact, no such written specification was given to the defendant.

4.  Therefore, it is stipulated and agreed that since the requirements of minimum due process were not met as set forth in *Commonwealth v. Kates* [452 Pa. 102, 305 A.2d 701 (1973)] in that he did not receive a written specification of the charges, that a new Parole Revocation Hearing be granted.

When appellant and his counsel appeared at the February 14 hearing, counsel informed the court that the record was then before this court, and that he wished to have the case decided by this court. The court asked appellant whether he "wish[ed] to have a re-hearing;" the

appellant answered, "No." After some colloquy, the court stated:

> All we want on the record is that we did give him notice [1] and did attempt to give him a re-hearing. We are willing to open up that hearing for the defendant to put in any defense he wishes, but the defendant has indicated that he does not wish that. He wishes to rest on the record as it stands. Therefore, your [Commonwealth's] motion for Revocation of the Sentence will be denied and we will let it go up on that basis.

The stipulation of counsel was correct: The revocation hearing of November 8, 1974, and the consequent order revoking probation and imposing sentence, did represent a denial of due process in that appellant had received no notice of why it was contended his probation should be revoked. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), it was held that a probationer is entitled to a two-step revocation procedure in accordance with the conditions specified in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Morrissey* it was held that "the parolee should be given notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations have been alleged." *Id.* at 486–87, 92 S.Ct. at 2603. In *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975), we have discussed the application of *Gagnon* and *Morrissey* to probation revocation hearings in Pennsylvania; that discussion need not be repeated.

1. It is not entirely clear what the court is referring to. Probably, however, it is to a letter of February 7, 1975, addressed to appellant by the assistant district attorney and the probation officer. The letter advises appellant that "[b]y Order of Court you have been granted a new Parole Revocation Hearing on February 14" [*sic*; it does not appear why the letter is dated three days before the court's order], and goes on to give appellant notice of the respects in which it was contended he had violated his probation. The letter was served on appellant on February 11.

**226**

■ The invalidity of the November 8 revocation hearing was in no way cured either by the assistant district attorney's and probation officer's letter of February 7 (*see* footnote 1, *supra*), the lower court's order of February 10, or the hearing of February 14. All proceedings after the appeal to this court were a nullity:

> When an appeal is taken to an appellate court, it is well-established that the jurisdiction of the lower court is removed and the court of first instance may not further proceed with a cause as long as the appeal is still pending.

*Weise v. Goldman*, 229 Pa.Super. 187, 188–89, 323 A.2d 31, 32 (1974).

The order revoking appellant's probation and imposing sentence is vacated and the record is remanded with a *procedendo*.[2]

**2.** In his brief appellant has stated that two questions are involved. The first question stated is whether "the conditions of his probation [were improperly imposed because] set forth by the probation officer and not by the sentencing judge;" the second is whether he was denied due process because of lack of notice. Since disposition of the question of lack of notice (which logically should have been stated as the first question involved, not the second) is dispositive, we need not consider the question whether the conditions of probation were improperly imposed, nor whether *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975), bars appellant from raising that question at this time.