371 A.2d 931

**COMMONWEALTH of Pennsylvania ex rel. Sheryl VALENTINE,**

v.

**Richard STRONGEL, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 9, 1976.

Decided March 31, 1977.

Sheldon C. Jelin, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

■ ■   Appellant contends that the lower court improperly considered evidence dehors the record.[1]   We agree and therefore, reverse and remand for a new trial.

On April 15, 1975, in the Family Division of Common Pleas Court, appellee filed a petition for support of her illegitimate child born December 3, 1974.   Appellant denied paternity.   Prior to trial, the court ordered that blood tests be taken.   Blood tests were performed on appellant, appellee, and the child and all parties knew the results of the tests prior to trial.   The case proceeded to a civil hearing in which appellee testified that she had sexual intercourse with appellant almost every weekend between November, 1973, and June, 1974.   She testified that she did not have sexual relations with anyone except appellant during that period of time.   Appellant testified that he never had sexual intercourse with appellee and that he only knew her casually.   The only other witness was the custodian of medical records at Philadelphia General Hospital who testified that to his knowledge the name of the child's father did not appear in the hospital records.   The lower court found appellant to be the father and entered a support order in the amount of $12.00 per week.   In its opinion, the lower court stated:   "Prior to the trial of this matter, on September 29, 1975, Judge Zaleski granted blood grouping studies which were made

1.   Appellant also contends that the question of paternity should have first been decided in accordance with the Criminal Statute Act of December 6, 1972, P.L. 1482, No. 334; 18 Pa.C.S.A. § 4323, and that his paternity must be proved beyond a reasonable doubt.   In *Commonwealth ex rel. Yentzer v. Carpenter*, 240 Pa.Super. 202, 362 A.2d 1101 (1976), our Court discussed the right of a putative father to a jury trial under the Criminal Act.   We held that:   "If a defendant [father] chooses a civil determination of paternity, he waives his right to trial by jury, 'and all other protections ancillary to criminal proceedings including the right to have guilt proven "beyond a reasonable doubt".'"   *Carpenter* at 206, 362 A.2d at 1102, see also *Commonwealth v. Jacobs*, 220 Pa.Super. 31, 279 A.2d 251 (1971).   In the instant case, appellant elected to proceed civilly and he cannot now complain that he did not have a jury trial or that the standard of proof used was incorrect.

on the parties and child on October 23, 1975. On the basis of these tests performed, appellant could not be excluded as the father of the child. Accordingly, since the studies did not exclude appellant as the father, the question of paternity was submitted upon all the evidence as presented to the Court. S4, Uniform Act on Blood Tests to Determine Paternity, Act of 1961, July 13, P.L. 587."

Appellant contends that the lower court could not properly consider the blood test results because they were dehors the record and that the Uniform Act on Blood Tests to Determine Paternity [2] establishes a requirement that experts be called by the court as witnesses to testify to their findings and be subject to cross-examination by the parties before their findings become a part of the record.

In *Wood v. Tucker,* 231 Pa.Super. 461, 332 A. 2d 191 (1974), the lower court in its opinion and order indicated that it had relied on information in reports dehors the record. In *Wood* our Court stated: "The law governing these facts is clear. A long line of Pennsylvania cases has held that '. . . reports of investigators, agents, and doctors cannot be received in evidence, or considered by the court, in a contested case. [citations omitted]. The investigators, agents, doctors, etc., must themselves be produced, sworn and examined as witnesses and be subject to cross-examination . . .' *Commonwealth ex rel. Oncay v. Oncay,* 153 Pa.Super. 569, 570, 34 A.2d 839 (1943). See also, *Commonwealth*

---

2. The Uniform Act on Blood Tests to Determine Paternity, Act of July 13, 1961, P.L. 587, § 1; 28 P.S. § 307.2, provides in part:
   "The tests shall be made by experts qualified as examiners of blood types, who shall be appointed by the court. The experts shall be called by the court as witnesses to testify to their findings and shall be subject to cross-examination by the parties. Any party or person at whose suggestion the tests have been ordered may demand that other experts qualified as examiners of blood types perform independent tests under order of court, the results of which may be offered in evidence. The number and qualifications of such experts shall be determined by the court. 1961, July 13, P.L. 587, § 2."

*ex rel. Rubertucci v. Rubertucci,* 159 Pa.Super. 511, 49 A.2d 269 (1946); *Commonwealth ex rel. Balick v. Balick,* 172 Pa.Super. 196, 92 A.2d 703 (1952); *Commonwealth ex rel. Mathis v. Cooper,* 188 Pa.Super. 113, 146 A.2d 158 (1958). The right of a litigant to in-court presentation of evidence is essential to due process: 'In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.' *Goldberg v. Kelly,* 397 U.S. 254, 269, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (citing extensive authority)." 231 Pa.Super. at 463, 332 A.2d at 192.

■ In the instant case, the lower court considered evidence of the results of certain blood tests performed on appellant, appellee, and the child. The experts who performed the tests made written reports of their findings to the court. These results were mailed to both parties. However, at trial, no one testified regarding the blood test results. Therefore, there is absolutely no evidence in the record of the occurrence or result of any blood test. In its opinion the lower court stated that on the basis of blood tests performed, appellant could not be excluded as the father. It is apparent from the trial court's opinion that it considered the blood tests prior to making its decision. Clearly it was error for the trial court to use evidence dehors the record to make its determinations. We reverse and remand for a new trial.

WATKINS, President Judge, and JACOBS and VAN der VOORT, JJ., dissent.