396 A.2d 671

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James R. MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1977.

Decided Dec. 29, 1978.

114

116

Robert T. Gownley, Jr., Public Defender, Scranton, for appellant.

Ernest D. Preate, Jr., Assistant District Attorney, Scranton, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal is from appellant's sentence following the revocation of his probation. Appellant contends that an impermissible period of time elapsed between his probation violation and the hearing on the matter of probation revocation; that he never violated the terms of his probation as delineated by the sentencing judge; and that for numerous reasons the judge's decision to revoke probation was unfair. We find these claims to be without merit, and accordingly affirm.

On March 24, 1974, appellant James R. Martin pleaded guilty before the Honorable James J. WALSH to the charge of Criminal Attempt. On August 30, he was sentenced by Judge WALSH to three years probation and ordered to pay $100 "for the use of Lackawanna County." No appeal was taken from this Judgment of Sentence.

On October 23, 1974, appellant was arrested and charged with Aggravated Assault and Recklessly Endangering Another Person in connection with a rifle shooting incident at Michael's Cafe in downtown Scranton. Following his conviction on these charges a probation revocation hearing was

held before Judge WALSH on November 8, 1974. At its conclusion, he found that appellant did violate the conditions of his probation and sentenced him immediately to one and one-half to three years in jail. He appealed that sentence to this court.

On June 28, 1976 we reversed the November 8, 1974 revocation order on the basis that appellant had been denied due process, and remanded the record with a *procedendo*. *Commonwealth v. Martin*, 241 Pa.Super. 222, 360 A.2d 733 (1976).[1]

On August 17, 1976, Judge WALSH scheduled a second probation revocation hearing. However, during the course of the hearing he granted the District Attorney's request for a continuance based on the fact that the District Attorney's office had not yet established that appellant had received proper notice of the alleged violations. On September 1 the hearing was reconvened. At its conclusion, Judge WALSH found that appellant had violated the terms of his probation and it was consequently revoked. Motions for a new hearing and in arrest of judgment were denied, and appellant was sentenced to imprisonment on February 25, 1977. This appeal followed.[2]

We are faced initially with a novel aspect of the question of whether or not an impermissibly long period of time elapsed between a probation violation and a hearing on the matter of probation revocation. Appellant claims that the "many delays" prior to the probation revocation hearing begun August 17, 1976 violated Pa.R.Crim.P. 1409.[3] We do not agree.

1. In particular, we found that because prior to the November 8, 1974 hearing appellant had received no notice of why his probation ought to be revoked, the revocation hearing and consequent order revoking probation and imposing sentence violated appellant's due process rights. 241 Pa.Super. at 225, 360 A.2d at 734–35.

2. The Commonwealth has not filed a brief in this case.

3. Rule 1409 provides in pertinent part that
[w]henever a defendant has been placed on probation . . . ., the judge shall not revoke such probation . . . as allowed by

■ Our inquiry in these cases has typically been whether, upon discovering probationer's apparent violation of the terms of his probation the Court has acted with "reasonable promptness" to hold a probation revocation hearing. *E. g., Commonwealth v. Call*, 249 Pa.Super. 511, 519, 378 A.2d 412, 417 (1977). Where the alleged violation consists of crime committed during the probationary period, our focus has been upon the delay following the date of conviction. *Commonwealth v. Jones*, 250 Pa.Super. 116, 118, 378 A.2d 481, 482 (1977). However, in this case the revocation hearing at issue was the second conducted, being the result of an appeal to this Court from an earlier revocation order, coupled with a remand of the record with a *procedendo* to Judge WALSH. Therefore, our focus is upon the period *following remand*, and the precise issue for our determination is whether upon remand Judge WALSH conducted the probation revocation hearing with reasonable promptness.[4]

■ The second probation revocation hearing began on August 17, 1976, fifty days after our remand order. Even with the two week continuance, the total delay was barely more than two months and if we deduct the thirty (30) days after our order during which the record must remain in our court awaiting possible petition for allocatur, the delay was approximately one month. *See* Pa.R.A.P. 2572. Consequently, because we find nothing which indicates that this specific delay was unreasonable, we surely do not require that a probation revocation hearing be held more promptly following vacation of an erroneous revocation order than we require in the first instance. *Cf. Commonwealth v. Wil-*

law unless there has been a hearing held as speedily as possible at which the defendant is present and represented by counsel and there has been a finding of record that the defendant violated a condition of probation  .   .   . .

4. Appellant would have us consider the entire period between his October, 1974 conviction and his second probation revocation hearing. His position is unsound, because from November 8, 1974 until June 28, 1976, when his appeal from Judge WALSH's initial probation revocation order was pending in this Court, Judge WALSH had no jurisdiction over the matter, and consequently cannot be charged with any delay during that time.

*liams*, 254 Pa.Super. 202, 208–209, 385 A.2d 979, 983 (1978) (five and one-half month delay between conviction for crime committed during probationary period and probation revocation hearing not unreasonable absent showing of deliberate attempt to impede probationer's case or any resulting prejudice).[5] We hold therefore that the second probation revocation hearing satisfied the requirements of Rule 1409.

Appellant next argues that because the conditions of his probation were specifically set by the Probation Officer and not by sentencing Judge WALSH, Judge WALSH's revocation of probation was improper. We do not agree.

After Judge WALSH imposed the sentence of probation, appellant was taken immediately to the Probation Office, as is the usual procedure with Lackawanna County Courts, and informed of the specific terms of his probation, one being that he commit no crime during its duration.[6] In light of our prior recognition of the fact that county courts have been left to fashion their own systems of probation, *Commonwealth v. Duff*, 201 Pa.Super. 387, 391, 192 A.2d 258, 260, *rev'd on other grounds*, 414 Pa. 471, 200 A.2d 773 (1963), we find no error in Judge WALSH's failure to spell out the terms when the custom in that county is to leave specific details to the Probation Officer.[7]

5. Appellant additionally claims that he never received a Preliminary Probation Revocation Hearing, the first of two components required in any revocation proceeding by *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (the so-called "*Gagnon I* hearing"). However, the purpose which a *Gagnon I* hearing would have served here was fulfilled by the proceedings leading to appellant's convictions on Aggravated Assault and Reckless Endangerment charges in the Lackawanna County Court of Common Pleas. *See Commonwealth v. Ball*, 235 Pa.Super. 581, 584, 344 A.2d 675, 677 (1975). Consequently, his contention is without merit.

6. The record of the November 8, 1974 Revocation Hearing indicates that appellant did not object to these specific conditions; in fact, he signed a statement that he would abide by them.

7. Even if no specific terms and conditions had been explained by the Probation Officer, we have recognized an *implied* condition that no new crime be committed during the probationary period, *Commonwealth v. Duff*, 201 Pa.Super. at 392, 192 A.2d at 262; consequently, the result would be the same. Because we conclude that Judge

Appellant further claims that the inflammatory comments made by the district attorney at sentencing prevented a fair decision. We find this issue to be without merit.

At the February 25, 1977 sentencing, Judge Walsh allowed appellant to say whatever he wished in his own behalf. When asked if he had any thing to add to appellant's lengthy soliloquy, the district attorney stated that

> [appellant] continues to make accusations against police officers and officers of this Court and which I take extreme exception to. I think that the record will reflect that Mr. Martin never once had taken the oath and stood in the witness chair and said under oath any of these particular things . . . and he made a remark to me that he's too smart to swear because he knows he can get caught for perjury . . . . [Furthermore, he has] made personal threats against me . . . [and] threatened witnesses at trial. N.T. Sentencing, at 7, 8, 9.

Appellant's counsel took exception to these remarks, and urged Judge WALSH not to consider them. We will not presume, as appellant insists, that the judge was improperly influenced, particularly where he specifically indicated that "the court has taken note of everything that the defendant has said . . . and we'll instruct our-

WALSH's revocation of probation was not improper, we need not address appellant's argument than imposition of sentence following an improper probation revocation constitutes double jeopardy.

Appellant claims alternatively that he was fined by Judge WALSH on August 30, 1974 and that because that fine was never suspended the subsequent sentence of probation was illegal. Were the facts as appellant states we would be constrained to agree. *See Commonwealth v. Rooney*, 233 Pa.Super. 225, 228, 335 A.2d 710, 712 (1975). However, Judge WALSH specifically stated that "we will change the fine to $100.00 for use of Lackawanna County and your probation period will be three years . . . ." Notes of Proceedings at Sentencing at 3 (Aug. 30, 1974). In effect, he imposed probation *in lieu of* a fine, one of the conditions being the payment of $100.00 for use of the County. Such payment as a condition of probation is explicitly provided for in Pa.Stat.Ann. tit. 19, § 1051 (Purdon 1964) (court has power to "place the defendant on probation for a definite period, on such terms and conditions [as it sees fit], including the payment of money for the use of the County . . . ."). *See Commonwealth v. Rooney*, 233 Pa.Super. at 228, 335 A.2d at 712.

selves to disregard any [of the district attorney's] remarks concerning threats . . . ." *Id.* at 12. Assuming *arguendo* the impropriety of such remarks, we will not interfere with the lower court's discretion with respect to sentencing where "no information of a constitutional magnitude is given specific consideration by the sentencing judge." *Commonwealth v. Conner,* 462 Pa. 282, 288–89, 341 A.2d 81, 84 (1975).[8]

Order revoking probation and imposing sentence affirmed.

CERCONE, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

8. Appellant also alleges that Judge WALSH should have recused himself, and that his refusal to allow him to call three witnesses to substantiate this claim was error. However, the court below found that appellant produced no evidence to support his allegation, nor did he show that these witnesses' testimony would be material to the issue of disqualification. Therefore, because there is no indication that the interest of justice required recusal, we will not disturb that finding. *See Commonwealth v. McKelvey,* 257 Pa.Super. 409, 415, 390 A.2d 1302, 1305 n. 4 (1978).