508 A.2d 1256

**COMMONWEALTH of Pennsylvania**

v.

**Andrew P. DONATO, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed May 9, 1986.

38

Frank J. Marcone, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newton Square, for Commonwealth, appellee.

Before CIRILLO, MONTEMURO and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed upon appellant, Andrew Donato, after the court revoked appellant's probation. We affirm.

Appellant raises the following issues: (1) whether the trial court erred when it decided a motion to recuse itself instead of appointing another judge to decide the issue; (2) whether the trial court erred in failing to comply with the requirements of Pa.R.Crim.P. 1403 which mandate a presentence report or a statement of reasons for dispensing with same; (3) whether the trial court erred in failing to convene a timely revocation hearing; (4) whether the prosecution erred in failing to give appellant proper notice of the alleged probation violation; (5) whether the sentence imposed was illegal because it exceeded the established guidelines for technical probation violations; and (6) whether the trial court was without jurisdiction to initiate the revocation proceedings against the appellant.

The record establishes the following facts:

On September 21, 1979, appellant entered pleas of guilty to drug offenses. Because of a negotiated plea agreement in which appellant agreed to cooperate with the prosecution in several ongoing drug investigations, appellant received four concurrent terms of probation of five years each.

Approximately three years later, on July 31, 1982, appellant was arrested in Montgomery County for possession of a controlled substance with intent to deliver. A preliminary hearing was held on these charges; however, on January 4, 1983, the proceedings were terminated because the evidence was ordered suppressed.

Subsequently, hearings were held, and the trial court concluded that appellant was in violation of his probation. As a result, appellant's probation was revoked, and appellant received a term of imprisonment of not less than three nor more than five years minus one day. Appellant's motion for reconsideration of sentence was denied, and this appeal followed.

■ Appellant argues that the trial court was without authority to initiate the revocation proceedings against appellant. We must disagree.

The trial court's authority to impose a term of probation has been set forth in the following manner:

Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence to imprisonment, instead of imposing such sentence, to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed. 61 P.S. § 331.25.

However, the authority to supervise a probationer and/or a parolee is within the province of the Pennsylvania Board of Probation and Parole as set forth in the following statutory scheme:

**331.17. Powers of board respecting parolees; supervision of persons placed on probation; sentences for less than two years excepted**

The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth

to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided. It is further provided that the board shall have exclusive power to supervise any person hereafter placed on parole (when sentenced to a maximum period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: Provided, however, That, except for such special cases, the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years: And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses. The power of the board to parole shall extend to prisoners sentenced to definite or flat sentences. As amended 1965, Dec. 27, P.L. 1230, § 8.  61 P.S. § 331.17

§ 331.17a.  Supervising probationer; pre-sentence investigation; grant-in-aid; in-service training

(a) *The board shall have exclusive power to supervise any person hereafter placed on probation by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board.*

(b) The board shall make pre-sentence investigations, when requested to do so by the court.

(c) Any county which provides additional probation staff for presentence investigations and for improved probation supervision and program, shall receive a grant-in-aid from the Commonwealth through the board for the additional cost incurred thereby but only to the extent that the additional staff and program meet the qualifications and standards established by the board. The board shall establish rules and regulations for the allocation of funds available for such grants-in-aid.

(d) The board shall provide in-service training for personnel of county probation offices when requested to do so by the court having jurisdiction of the probation office. 1941, Aug. 6, P.L. 861, § 17.1, added 1965, Dec. 27, P.L. 1230, § 9

61 P.S. § 331.17a (Emphasis added).

Additionally, we must examine the following general statute which governs revocation of probation:

### § 9771. Modification or revocation of order of probation

(a) **General rule.**—The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

(b) **Revocation.**—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

(c) **Limitation on sentence of total confinement.**— The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

**(d) Hearing required.**—There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

1974, Dec. 30, P.L. 1052, No. 345, § 1, effective in 90 days. As amended 1980, Oct. 5, P.L. 693, No. 142, § 401(a), effective in 60 days. 42 Pa.C.S.A. § 9771. See also Pa.Crim.P. 1409 ("Whenever a defendant has been placed on probation or parole, the judge shall not revoke such probation or parole as allowed by law unless there has been a hearing . . .")

Moreover, our United States Supreme Court has held that a two step procedure is required before a probation is revoked:

"[A] parolee is entitled to two hearings, one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole, and the other a somewhat more comprehensive hearing prior to the making of a final revocation decision." [*Gagnon v. Scarpelli*] 411 U.S. [778] at 781–782, 93 S.Ct. [1756] at 1759 [36 L.Ed.2d 656]. *See also Commonwealth v. Henderson,* 234 Pa.Super. 498, 340 A.2d 483 (1975); *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975); *Commonwealth v. Alexander,* 232 Pa.Super. 57, 331 A.2d 836 (1974). The preliminary or *Gagnon I* hearing is designed to determine whether there is probable cause to believe that the probationer has violated the terms of his probation. The actual revocation, or *Gagnon II,* hearing is more complete, and consequently affords the probationer additional due process safeguards, including *inter alia,* "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good

cause for not allowing confrontation) ..." *Gagnon v. Scarpelli,* supra [411 U.S.], at 786, 93 S.Ct. at 1762; *Morrissey v. Brewer,* supra [408 U.S.], at 489, 92 S.Ct. 2593.

It is constitutionally permissible to hold the probation revocation hearing after the arrest, but prior to the trial, on the charge which is the probation violation. *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973). In such a situation, a probationer must be afforded two hearings, unless he has received a preliminary hearing in the Court of Common Pleas. We held in *Commonwealth v. Davis,* supra, that the purpose of the *Gagnon I* hearing is served by a conviction in Municipal Court or Common Pleas, or by a preliminary hearing in the Court of Common Pleas.

*Commonwealth v. Ball,* 235 Pa.Super. 581, 344 A.2d 675, 677 (1975) later appealed, 242 Pa.Super. 379, 363 A.2d 1322 (1976). Accord *Commonwealth v. Maye,* 270 Pa.Super. 406, 410, 411 A.2d 783, 785 (1979).

In the instant case, it is undisputed that a preliminary hearing was held in which the hearing court determined that appellant should be bound over for trial on narcotics charges. However, appellant's contention is that the hearing court was without authority to schedule a *Gagnon II* hearing sua sponte because the recommendation of the appellant's probation officer was that no revocation proceedings should be initiated. We are unable to agree that the trial court was without jurisdiction.

The case of *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973) provides insight into this issue. In *Kates,* a consolidated appeal, one of the defendants, Daisy Kates, was tried and convicted of aggravated assault and battery and a weapons offense. Kates was placed on three years probation on the charge of aggravated assault and battery, and sentence was suspended on the weapons offense. Subsequently, Daisy Kates was arrested, and a probation revocation hearing was conducted. The hearing court concluded that, based primarily on the basis of an incriminating state-

ment attributed to Kates, Kates had commited a homicide. As a result, the hearing court revoked probation and imposed a term of imprisonment.

After the imposition of sentence, a motion to suppress Kates' statement was granted. No appeal was taken from that ruling, and eventually Kates was found not guilty of homicide.

Our Supreme Court affirmed the judgment of sentence and held that "there is no statutory restriction in this State that would prevent the court from holding a hearing where the alleged violation is the commission of an offense during the probationary period prior to the trial for the subsequent offense." *Id.*, 452 Pa. 111, 305 A.2d at 706. In its discussion, our Supreme Court analyzed the applicable probation revocation statutes and said:

The Act of 1941 was concerned with the establishment of the Pennsylvania Board of Parole. Section 25 [61 P.S. § 331.25 set forth *infra* at pg. 3] allowed our courts to specially order probations to be under the supervision of the board.[*] The reason for section 25 allowing probation to the more serious offender was the legislative confidence in the supervision that would be exercised by the new board that the Act of 1941 had established as opposed to the supervision that would be received by those placed under the various county probation departments as provided by the Act of 1911.[**]

*Since the Board was not given authority for either determining a violation or revoking probation for those placed under their supervision under section 25* there was no reason for the Act of 1941 to mention this function and it in fact did not. We disagree with the trial judge who concluded that since the Act of 1941 did not provide for revocation that there was no statutory provision for revocation of a probation imposed under section 25. *As has been stated before, in drafting the Act of 1941 the legislature was concerned with the powers and duties of the Board and only referred to probation because it wished to provide the court with the election*

*to place the supervision within the control of the Board.* However, there being no change intended in the power to revoke probation where a violation had occurred, there was no need for additional legislation *and the power remained as provided by the Act of 1911.* [19 P.S. § 1055 [1]] *We therefore hold that section 4 of the Act of 1911[\*\*\*] controls revocations whether the probation was entered under the authority of the Act of 1911 or the Act of 1941.*[\*\*\*\*] Section 4 provides:

"Where a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct."

From this review of the applicable statutes it is clear that there is no statutory restriction in this State that would prevent the court from holding a hearing where the alleged violation is the commission of an offense during the probationary period prior to the trial for the subsequent offense.

---

[\*] See sections 17 and 26 of the Act of 1941 which also pertain to supervision by the board.

[\*\*] Act of June 19, 1911, P.L. 1055, § 3, as amended, June 21, 1919, P.L. 569, § 1, 19 P.S. § 1053.

[\*\*\*] Act of June 19, 1911, P.L. 1055, § 4, 19 P.S. § 1055.

[\*\*\*\*] The record reveals that the probations for petitioners Kates and Allen were under the Act of 1911. The probation of petitioner

1. 19 P.S. § 1055, which was the predecessor to 42 Pa.C.S.A. § 9771 provided as follows:

### § 1055. Violation of probation; arrest and sentence

Whenever a person placed on probation, as aforesaid, shall violate the terms of his or her probation, he or she shall be subject to arrest in the same manner as in the case of an escaped convict; and shall be brought before the court which released him or her on probation, which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct. 1911, June 19, P.L. 1055, § 4. 19 P.S. § 1055.

McClellan was placed under the supervision of the Pennsylvania Board of Parole pursuant to the Act of 1941.

*Id.* 452 Pa. at 111, 305 A.2d at 706 (emphasis added) (footnote added). See generally 37 Pa.Code § 61.1 et seq.

The logical implication of the Supreme Court's holding in *Kates* is that there is no statutory authority which prevents the action of the trial court in this case because the court was notified of appellant's arrest on other drug charges. The reason for our holding today is consistent with the concerns which our Supreme Court expressed in *Kates* when the Court stated the following:

"the basic objective of probation is to provide a means to achieve rehabilitation without resorting to incarceration. When it becomes apparent that the probationary order is not serving this desired end the court's discretion to impose a more appropriate sanction should not be fettered. Initially, when the court decides to impose a probation order it is only after first balancing the interest of society in protecting against possible future criminal behavior of the individual with the benefit he would receive by remaining free from prison. Certainly, society has the right to expect a prompt hearing when the probationer has allegedly engaged in a course of criminal activity."

*Id.*, 452 Pa. at 115, 305 A.2d at 708.[2]

Although in the instant case, the revocation hearing was scheduled after the trial court had ordered the evidence suppressed, we recognize that the probation revocation proceeding "is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an

---

**2.** We also note that a legal distinction has been made between probation and state parole:

"Among the distinctions between probation and state parole is that the trial judge generally also decides the probation violation." *Nickens v. Commonwealth of Pennsylvania Board of Probation & Parole,* 93 Pa.Cmwlth. 313, 318 n. 9, 502 A.2d 277, 279 n. 9 (1985).

However, parole revocation proceedings "are civil administrative hearings." *Id.*

adversary criminal trial." *Id.*, 452 Pa. at 118, 305 A.2d at 709 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 499 (1972)). Accordingly, the hearing court did not err in conducting the probation revocation proceeding notwithstanding the granting of the motion to suppress.

Appellant also argues that his revocation hearing was not held in a timely fashion because the hearing was held six months after appellant was arrested. In the instant case, appellant was bound over for court on August 5, 1982. The hearing judge scheduled the *Gagnon II* hearing on January 7, 1983 for January 26, 1983, which was three days after the court ordered the evidence suppressed.

█ In examining the reasonableness of the delay, three factors should be considered. They are (1) the length of the delay; (2) the reasons for the delay; and (3) the prejudice to the defendant as a result of the delay. *Commonwealth v. Nance*, 290 Pa.Super. 312, 434 A.2d 769, 772 (1981). Our Court has stated that the "relevant period is that between the conviction ... and the revocation hearing." *Commonwealth v. Reed*, 277 Pa.Super. 94, 419 A.2d 677 (1980); see also Pa.Crim.P. 1409 (a hearing shall be "held as speedily as possible" by the judge).

█ In this case, there was no delay from the date of conviction to the date of revocation. Hence, appellant is unable to argue that a delay has occurred. The record shows that the probation revocation hearing was scheduled three days after the trial court granted appellant's motion to suppress. Under these circumstances, appellant is not entitled to relief.

With respect to the other issues raised, the trial court adequately discussed these issues and properly denied appellant relief. Thus, we need not elaborate.

Judgment of sentence is affirmed.