J-S41041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QURAN HERRINGTON, | |
| Appellant | No. 2635 EDA 2015 |

Appeal from the Judgment of Sentence July 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004001-2012

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MAY 23, 2016**

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Philadelphia County after the revocation of Appellant Quran Herrington's probation and parole.  Appellant claims there was insufficient evidence to support the revocation and contends that the lower court erred in imposing a new sentence of confinement when Appellant had not been convicted of a new offense.  After careful review, we affirm.

On May 21, 2014, Appellant entered a negotiated guilty plea to Terroristic Threats, Contempt for Violation of a Protection Order, and Simple Assault in connection with his arrest for allegations of domestic violence upon Fatimah Stafford, the mother of one of his children.  The trial court sentenced Appellant to 11½ months to 23 months imprisonment to be followed by five years reporting probation.

---

*Former Justice specially assigned to the Superior Court.

The trial court directed Appellant to attend Anger Management classes during his parole or probationary period and agreed to allow Appellant to report to his parole/probation officer by telephone so that Appellant could play professional basketball outside of the United States. The trial court emphasized to Appellant that his negotiated accommodation of telephone reporting was unusual and stressed the potential consequences of violating the terms of supervision. Appellant received credit for time served and was granted immediate parole.

On March 8, 2015, Appellant was arrested for knowing and intentional possession of a controlled substance when officers confiscated crack cocaine from his person during a traffic stop. Appellant's violation of probation hearing was bifurcated and held on April 2, 2015 and May 18, 2015. Philadelphia Police Officer Leonard Lackey testified that he personally seized crack cocaine from Appellant's person during the March 8th traffic stop. In addition, Appellant's probation officers testified that Appellant did not properly report by telephone in December 2014 and January 2015. Although Appellant had been instructed to call the officers at specific times, Appellant did not do so but called the officers and left voicemails when the officers could not answer.

The lower court found Appellant to be in violation of his probation and deferred sentencing to allow for a mental health evaluation and a presentence report. On July 28, 2015, the lower court held Appellant's sentencing hearing, observing that while Appellant was incarcerated, he was

placed in the Disciplinary Segregation Unit for assaulting staff members, engaging in sexual acts, violating rules, and disturbing other inmates. The lower court also noted that Appellant told the presentence investigator that he was impulsive, had trouble controlling his anger, and considered methods to commit homicide. Appellant also gave the investigator contradictory statements about his abuse of controlled substances.

After reviewing the aforementioned information, the lower court sentenced Appellant to two to five years incarceration for the Terroristic Threats conviction and two years probation on the Simple Assault conviction. Appellant filed this timely appeal and complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review:

1. The court erred in finding [Appellant] in violation of his supervision for failing to report to his probation officers by phone where the evidence was insufficient to find that [Appellant] intentionally failed to report by phone.

2. The court erred by finding [Appellant] guilty of a direct violation of his supervision where [Appellant] had not been convicted of a new offense.

Rule 1925(b) Statement.

The scope of review in an appeal following a sentence imposed after probation revocation is limited to the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. *Commonwealth v.*

*Cartrette*, 83 A.3d 1030, 1033 (Pa.Super. 2013) (*en banc*). "A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. 42 Pa.C.S. § 9771(b). Our Supreme Court have repeatedly acknowledged that this is a broad standard as "[a] probation violation is established whenever it is shown that the conduct of the probationer indicates [that] the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Commonwealth v. Infante*, 585 Pa. 408, 420, 888 A.2d 783, 791 (2005). "[T]he Commonwealth need only make this showing by a preponderance of the evidence." *Commonwealth v. Ortega*, 995 A.2d 879, 886 (Pa.Super. 2010).

Appellant first claims there was insufficient evidence to show he failed to comply with his reporting requirement as he contends he left voicemails when a probation officer could not answer. The lower court found credible the testimony of Appellant's probation officer, averring Appellant was instructed to call the office to report at specific times in December 2014 and January 2015, but Appellant refused to follow these directions. Moreover, the lower court emphasized how it had stressed to Appellant in imposing the probation that it was lenient and unusual for a defendant to be given the freedom of reporting to probation by phone and had fully informed Appellant of the consequences of his failure to report. This Court has held that even technical violations are sufficient to trigger revocation. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000) (upholding the revocation of

probation based on the appellant's failure to properly report for scheduled appointments with parole officer). We agree that this evidence was sufficient for the trial court to conclude that Appellant had violated conditions of his probation.

Moreover, as Appellant's arrest for possession of crack cocaine is strong indicator that his probationary sentence was not serving the desired goal of rehabilitation, the lower court was further justified in revoking Appellant's probation. Although Appellant points out that he was never convicted of knowing and intentional possession of the cocaine, "[i]t is well settled that a probation violation hearing may be conducted prior to a trial for the criminal charges based on the same activities." **Commonwealth v. Castro**, 856 A.2d 178, 180 (Pa. Super. 2004) (quoting **Commonwealth v. Brown**, 503 Pa. 514, 469 A.2d 1371, 1375 (1983)). As noted above, the Commonwealth need only prove a violation of probation by a preponderance of the evidence, not beyond a reasonable doubt. A violation of probation hearing also differs from a criminal trial in the following manner:

> The focus [of] a probation hearing, even though prompted by a subsequent arrest, is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future anti-social conduct. It must be emphasized that a probation revocation hearing is not a trial: "The court's purpose is not to determine whether the probationer committed a crime.... It follows that probation revocation hearings are flexible, and material not admissible at trial may be considered by the court. The degree of proof necessary for probation revocation is less than that required to sustain a

criminal conviction. Probation may be revoked on the basis of conduct which falls short of criminal conduct.

*Castro*, 856 A.2d 178, 180 (Pa.Super. 2004) (quoting *Commonwealth v. Spinozzi*, 345 A.2d 181, 182-83 (Pa.Super. 1975)).

As Appellant's possession of crack cocaine showed that probation had been ineffective at deterring criminal conduct, the lower court had sufficient grounds for the revocation of Appellant's probation. *See Castro*, 856 A.2d at 181 (finding that Commonwealth's proffer of eyewitness testimony of the arresting officer to the appellant's participation in a drug transaction was sufficient evidence to show a violation of probation); *Commonwealth v. Donato*, 508 A.2d 1256, 1261 (Pa.Super. 1986) (upholding the revocation of probation where the criminal charges related to the relevant conduct were dismissed due to the suppression of evidence, which was still admissible at the revocation hearing).

To the extent that Appellant may be arguing that the trial court had no authority to impose a sentence of total confinement when he had not been convicted of a new offense, we find this claim to be meritless. Section 9771 provides in relevant part:

> **(c) Limitation on sentence of total confinement. --** The court shall not impose a sentence of total confinement upon revocation unless it finds that:
> (1) the defendant has been convicted of another crime; **or**
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; **or**
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c) (emphasis added).

While Appellant had not been convicted of another crime while on probation, the lower court suggested that Appellant's conduct showed that he would likely commit another offense and that confinement was necessary to vindicate the court's authority. As noted above, the lower court noted that Appellant disregarded the lenient probation reporting requirement he was given and failed to properly report to his probation officers. The lower court found that Appellant's arrest for "the possession of mind-altering narcotics while under the Court's probation or parole is obviously counterproductive to the supervisory efforts that had been put in place to rehabilitate [Appellant] and to deter his commission of future and anti-social acts." Trial Court Opinion, 1/14/16, at 10. The lower court also emphasized that Appellant committed significantly serious disciplinary infractions while incarcerated pending sentencing which caused him to be placed in the Disciplinary Segregation Unit and Appellant had expressed anger and homicidal thoughts to the presentence investigator.

Although the lower court did not specifically cite to the language in Section 9771 when setting forth its reasons for revoking Appellant's probation, it provided ample reasons to infer that the trial court believed that incarceration was necessary to avoid a future crime and to vindicate its authority. *See Commonwealth v. Aldinger*, 436 A.3d 1196, 1200 (Pa.Super. 1981) (upholding lower court's sentence of total confinement after revocation of probation even though court did not state on the record its reliance on Section 9771(c) as there was evidence that the appellant had

violated probation by using drugs). Accordingly, the lower court was justified in imposing a sentence of total confinement upon revocation.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2016