J-A10012-19
J-A10013-19
J-A10014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FELIX DIAZ | : | |
| | : | |
| Appellant | : | No. 2196 EDA 2017 |

Appeal from the PCRA Order June 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002281-2010,
CP-51-CR-0003906-2010, CP-51-CR-0015330-2009

\*\*\*\*\*

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FELIX DIAZ | : | |
| | : | |
| Appellant | : | No. 2782 EDA 2017 |

Appeal from the PCRA Order June 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002281-2010,
CP-51-CR-0003906-2010, CP-51-CR-0015330-2009

\*\*\*\*\*

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |

J-A10012-19
J-A10013-19
J-A10014-19

FELIX DIAZ                              :
                                        :
              Appellant                 :     No. 2783 EDA 2017

Appeal from the PCRA Order June 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002281-2010,
CP-51-CR-0003906-2010, CP-51-CR-0015330-2009


BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                          **FILED MAY 07, 2019**

Felix Diaz appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Diaz claims the PCRA court erred in dismissing, without a hearing, his petition challenging trial counsel's effectiveness at his violation of probation (VOP) hearing.[1]  After our review, we affirm.

On April 15, 2010, Diaz entered an open guilty plea to four counts on three different dockets:  two counts of possession of a controlled substance with intent to deliver (PWID) (docketed at CP-51-CR-**0015330**-2009 and CP-51-CR-**00033906**-2010), and two counts of violation of the Uniform Firearms Act-firearms not to be carried without a license (docketed at CP-51-CR-**0002281**-2010 and CP-51-CR-**0003906**-2010).  On June 4, 2010, the trial

---

[1] Dean Owens, Esquire, represented Diaz at his VOP hearing and at sentencing.  We refer to him throughout as "trial counsel."

- 2 -

court sentenced Diaz to an aggregate term of imprisonment of 6 to 23 months, followed by 92 months' probation.

On November 19, 2010, Diaz was paroled; two months later, he was arrested on felony and misdemeanor drug charges (heroin). On March 8, 2011, at a preliminary hearing, the court dismissed the felony charge and remanded the misdemeanor charge for trial in Municipal Court. At that hearing, Officer Haden Smith, the arresting officer, testified that on January 18, 2011, he witnessed Diaz facing an individual, who was holding money, and when Officer Smith approached, Diaz threw down a bundle of small blue packets. Officer Smith testified that the packets were marked "Nightlife," were later field tested, and came back positive for heroin.

On March 28, 2011, the court held a "**Daisy Kates**"[2] violation of probation (VOP) hearing. At that hearing, Officer Smith testified again; however, his testimony conflicted with his prior preliminary hearing testimony. At the VOP hearing, Officer Smith testified that Diaz was facing a white man holding money, **see** N.T. VOP Hearing, 3/28/11, at 7-9, but counsel suggested that Officer Smith had identified the buyer as a white woman at the

---

[2] **Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973) (constitutionally permissible to hold probation revocation hearing after arrest, but prior to trial, on charge which constitutes probation violation).

preliminary hearing.[3]  *Id.* at 10.  Trial counsel cross-examined Officer Smith

as follows:

> Q:   Officer Smith, can you describe that white male for us, if you recall?
>
> A:   The white male, I did a 48A, which would be a pedestrian stop form on this white male and he was released.  I would have to pull the file that 48A.
>
> Q:   I thought at the preliminary hearing you said it was a white female?
>
> A:   You have to check in the notes. I'm quite sure it was a white male.  You can check in the notes.
>
> Q:   Was it a male or a female?
>
> A:   To the best of my recollection, it was a white male.  I don't know if I have it as a white female.  Is it a white female?  I think my notes reflect a white male, I think that's what I looked at.

*Id.*

Further, at the VOP hearing, Officer Smith testified he had filled out a

75-48A form (pedestrian stop form) when he arrested Diaz, but neither he nor

the attorneys had a copy of that form at the VOP hearing.  N.T. VOP Hearing,

3/28/11, at 12.[4]   At that point, trial counsel requested permission to obtain

---

[3] Diaz cites to the notes of testimony for the preliminary hearing, dated March 8, 2011, to support his claims.  These notes have not been included in the certified record on appeal.

[4] The transcript from this hearing is labeled, "Preliminary Hearing," but we refer to it as "VOP Hearing" to distinguish it from our references to the preliminary hearing on the underlying misdemeanor possession charge.

the notes of testimony from the preliminary hearing, and the court continued the hearing. *Id.* Before the hearing reconvened on April 25, 2011, the Commonwealth withdrew the misdemeanor possession charge on March 31, 2011.[5]

Following the April 25, 2011 hearing, the court found Diaz in technical violation of probation and sentenced Diaz to two to four years' imprisonment on each firearms violation, four to eight years' imprisonment for PWID (PCP), and four years' probation for PWID (heroin). N.T. VOP Hearing/Sentencing, 4/25/11, at 21-22.[6] On direct appeal, this Court affirmed Diaz's judgment of sentence. *Commonwealth v. Diaz*, 1376 EDA (Pa. Super. 2011) (filed Oct. 22, 2012) (unpublished memorandum). Diaz did not seek discretionary review in the Pennsylvania Supreme Court.

---

[5] *See Commonwealth v. Donato*, 508 A.2d 1256 (Pa. Super. 1986) (trial court was authorized to initiate probation revocation proceedings against defendant as result of his being arrested for possession of controlled substance with intent to deliver, notwithstanding granting of motion to suppress evidence, causing termination of proceedings on possession charges).

[6] We note that the record contains two transcripts, both dated April 25, 2011, one labeled "Sentencing Volume I" and one labeled "Sentencing." The content of these transcripts is identical. Because the April 25, 2011 hearing encompassed the continued VOP hearing and sentencing, we refer to it as the VOP/Sentencing hearing.

On December 11, 2012, Diaz filed a timely *pro se* PCRA petition.[7] The PCRA court appointed counsel, who filed an amended petition on November 23, 2015. In his petition, Diaz claimed trial counsel was ineffective for failing to prepare for the VOP hearing. The PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. Thereafter, on June 15, 2017, the PCRA court dismissed Diaz's petition. This timely appeal followed.[8]

_____

[7] Diaz's judgment of sentence became final on November 22, 2012, when the period for seeking review in the Pennsylvania Supreme Court expired. **See** Pa.R.A.P. 1113; **see also Commonwealth v. Hernandez**, 755 A.2d 1, 10 (Pa. Super. 2000) (judgment of sentence became final when 30-day period for filing petition for allowance of appeal to Supreme Court from our Court's decision affirming judgment of sentence expired). Thus, Diaz had until November 22, 2013, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(3).

[8] The PCRA court notes that the three cases were consolidated in Diaz's *pro se* PCRA petition, filed December 11, 2012, and in his amended PCRA petition filed on November 23, 2015; the PCRA court's opinion encompasses all three cases. **See** PCRA Court Opinion, 4/30/18, at 1 n.1. Diaz filed three separate appeals: one on July 8, 2017 (2196 EDA 2017); one on July 10, 2017 (2782 EDA 2017); and another on July 10, 2017 (2783 EDA 2017). Each appeal referenced all three criminal court docket numbers. On September 5, 2017, and September 9, 2017, this Court issued three rules to show cause why the appeals should not be quashed for failure to file a separate notice of appeal at each docket number. **See Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Diaz filed a response, stating that these three cases have been heard in tandem since 2011, and that filing an appeal from one of the docket numbers without reference to the other two would be inefficient and would not serve the interests of justice.

The Official Note to Pa.R.A.P. 341(a) provides that "[w]here . . . one or more orders resolves issues arising on more than one docket . . . separate notices of appeal must be filed." On June 1, 2018, the Pennsylvania Supreme Court's decision in **Commonwealth v. Walker**, **supra**, recognized that this

On appeal, Diaz claims the PCRA court erred in denying his claim that trial counsel unreasonably failed to prepare for the VOP hearing. Diaz avers "counsel did not obtain or review discoverable materials or in any meaningful way prepare for the [VOP] hearing." Amended PCRA Petition, 11/23/15, at 4.[9] Specifically, he claims counsel was ineffective for failing to obtain the 48A form or the preliminary hearing testimony and for failing to object to Officer Smith's double hearsay testimony that the evidence recovered was heroin when no reports were introduced confirming the evidence recovered was in fact narcotics.

When reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports

_____

rule has been applied inconsistently in the past. Walker held that for appeals filed after **Walker**, "when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed or the appeal will be quashed." **Id.** at 977. Here, the notices of appeal were filed prior to **Walker**. Thus, we decline to quash these appeals.

Because each of these cases raises the same issue, we have *sua sponte* consolidated them on appeal. **See** Pa.R.A.P. 513.

[9] The law is clear that a VOP hearing need not be conducted "with the same procedural and evidentiary rules as would apply to a trial on the criminal charges growing out of the same facts." **Kates**, 305 A.2d at 710. **See Commonwealth v. Holder**, 805 A.2d 499, 504 n.7 (Pa. 2002) (in revocation hearing, "probationer . . . is not entitled to strict application of the rules of evidence or procedure, including the Fourth and Fifth Amendment exclusionary rules"). **Cf.** 42 Pa.C.S.A. § 9771(c)(2) (court may revoke probation and impose sentence of total confinement where "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned[.]").

the determination of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Id.*** "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. ***See Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (en banc).

Additionally, the PCRA provides no absolute right to a hearing and the post-conviction court may elect to dismiss a petition after thoroughly

reviewing the claims presented and determining that they are utterly without support in the record. *Commonwealth v. Quaranibal*, 763 A.2d 941, 942 (Pa. Super. 2000). Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Commonwealth v. Begley*, 780 A.2d 605, 635 (Pa. 2001) (quoting *Commonwealth v. Pettus*, 424 A.2d 1332, 1335 (Pa. 1981)). To determine whether a PCRA petitioner met this burden, we must review the claim of ineffectiveness the petitioner raised in his PCRA petition.

Here, in his amended petition, Diaz avers trial counsel's ineffectiveness precluded him from adequately challenging the accuracy of Officer Smith's testimony.[10] After our review of Diaz's amended PCRA petition, the transcripts from the March 28, 2011 and April 25, 2011 hearings, the record, as well as the parties' briefs and relevant law, we conclude that the PCRA court did not err in denying Diaz's petition without a hearing.

Clearly, Officer Smith's testimony was inconsistent, but it was trial counsel who brought that out. Further, as the PCRA court states, the VOP hearing judge was aware of Officer Smith's inconsistencies and determined,

---

[10] *See Commonwealth v. Tinson*, 249 A.2d 549 (Pa. 1969) (constitutional right to counsel at recommitment hearing); *Commonwealth v. Vasquez*, 389 A.2d 111 (Pa. Super. 1978) (constitutional right to effective counsel during parole revocation hearing); Pa.R.Crim.P. 708(B) (right to counsel is among array of rights available to defendant at parole revocation hearing).

irrespective of the officer's credibility, that there was overwhelming evidence that Diaz violated his probation by being involved in a drug transaction in some way. *See Commonwealth v. Infante*, 888 A.2d 783, 792 (Pa. 2005) ("A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct."). The Commonwealth need only make this showing by a preponderance of the evidence. *Commonwealth v. A.R.*, 990 A.2d 1, 4 (Pa. Super. 2010).

The notes of testimony from the hearings establish that trial counsel was familiar with Diaz's case. In fact, it was trial counsel who cross-examined Officer Smith on whether the buyer was a white male or female, and informed the court that he recalled the preliminary hearing testimony in which Officer Smith testified the buyer was a woman. *See* N.T. VOP Hearing, 3/28/11, at 12-14. Because trial counsel did not have the notes of testimony from the preliminary hearing before him, he requested a bifurcation of the VOP hearing, which the trial court granted. *See id.*, at 10-11. At the April 25, 2011 hearing, trial counsel directed the court's attention to the discrepancies in Officer Smith's testimony. Specifically, as counsel recalled at the initial VOP hearing, Officer Smith did testify at the preliminary hearing that the buyer was a white female. N.T. VOP/Sentencing Hearing, 4/25/11, at 6-7. At the conclusion of the VOP hearing, trial counsel highlighted this inconsistency,

supporting his argument with his cross-examination of Officer Smith during the first part of the VOP hearing, and arguing that the court should find Officer's Smith's testimony not credible. *Id.* at 13-14.

Based on the foregoing, it is clear that trial counsel was familiar with the facts of the case and argued against the finding of a violation. The fact that the court disagreed with counsel's argument and gave credence to some or all of Officer Smith's testimony does not render trial counsel's representation ineffective.

Further, when the Commonwealth realized that it did not "have a copy of the seizure analysis" in the file, the prosecutor offered to bring the analysis to the next listing. The Commonwealth ultimately did not introduce the seizure analysis, however, as the PCRA court noted, the analysis was completed on January 25, 2011, and is part of the record. In light of this, Diaz cannot establish that there is a reasonable probability that the outcome of his VOP hearing would have been different had trial counsel objected to Officer Smith's testimony.

A petitioner must present an "offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." *Begley*, 780 A.2d at 635. Because Diaz does not offer support for his claim that counsel was ineffective for failing to adequately prepare for the VOP hearing, the PCRA court properly dismissed

J-A10012-19
J-A10013-19
J-A10014-19


the petition. Based on our review, we conclude that the PCRA court's determination is supported in the record. **_Johnson_**, **_supra_**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/19