412 A.2d 494

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Thomas QUINLAN, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1980.

Decided March 20, 1980.

Arthur J. King, Joseph A. Ciccitto, Asst. Public Defenders, for appellant.

Ronald T. Williamson, Mary M. Killinger, Asst. Dist. Attys., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and FLAHERTY, JJ.

## OPINION

LARSEN, Justice.

On October 18, 1974, appellant Thomas William Quinlan pleaded guilty to burglary, theft, receiving stolen property,

possessing instruments of a crime, and criminal conspiracy. After being committed to a state hospital for evaluation and treatment, and after an extension of that commitment order, appellant was, in lieu of a sentence of incarceration, ordered to undergo two consecutive terms of probation totaling 19 years and to be recommitted to the state hospital and detained there until cured of alcoholism. At the sentencing hearing, the court specifically cautioned appellant against continuing to consume alcohol and further warned appellant that a substantial term of imprisonment could result from his failure to comply with said prohibition against the use of alcohol.[1]

Not long thereafter, on August 12, 1975, appellant was arrested for his involvement in the pistol-whipping and rape of a woman in Delaware County. Appellant was charged with rape, simple assault, aggravated assault, terroristic threats, and recklessly endangering another person. Following a preliminary hearing on these charges, appellant was bound over for grand jury action, and a probation violation hearing was held. At that hearing, appellant admitted that he had not followed the alcohol treatment program arranged for him by his probation officer, that he had resumed his drinking habits, that he had spent the twelve hours which preceded the rape drinking alcoholic beverages with the man who committed the rape and who appellant knew was wanted on murder charges, and that he was present throughout the commission of the rape. Appellant, however, claimed that he was too intoxicated to prevent the crimes, and that he only simulated intercourse with the victim because he feared for his own safety. The court found that probation had not been effective in accomplishing rehabilitation, revoked the probation and sentenced appellant to consecutive

---

1. The Court stated:

". . . for those nineteen years that you are on probation, you shall not partake of any alcoholic beverage or liquor of any kind, unless prescribed by a duly authorized physician. And if you do, you are going to be brought back and sentenced to whatever time the Court thinks, at that time, and its going to be a long time. So whenever you take a drink Mr. Quinlan, you just think that you are putting yourself in prison, not any hospital, for a long time."

terms of incarceration of five to fifteen years and two to four years.

Appellant appealed this order to the Superior Court alleging, *inter alia*, that he "was denied due process of law because the record is silent concerning his receipt of written notice of the claimed violations." The Commonwealth responded by appending to its brief a copy of a written notice, the receipt of which was acknowledged by appellant's signature some two and one-half months prior to the probation revocation hearing. The Superior Court at 251 Pa.Super. 428, 380 A.2d 854 (1977), affirmed the order of the lower court, in a four-three decision, with the majority holding that the appended letter obviated appellant's claim and supported a finding that due process had been satisfied. While we agree with the dissenter's condemnation of the majority's consideration of evidence *de hors* the record, see *McCaffrey v. Pittsburgh Athletic Ass'n*, 448 Pa. 151, 293 A.2d 51 (1972), we find that the result reached by the majority was nevertheless correct.

Although it is true that due process requires a probationer receive written notice of the claimed probation violations prior to commencement of the revocation hearing, *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1973), appellant here does not base his alleged denial of due process upon a failure on the part of the Commonwealth to comply with this written notice requirement. Rather, appellant claims that he was denied due process *because his receipt of the written notice does not appear of record.* In effect, appellant is contending that the Commonwealth has an affirmative duty to come forward with proof of compliance with the notice requirements (even when that compliance has not been challenged) and that the failure to submit such proof requires a new hearing. This contention is without merit.

Parole and probation are established variations on the imprisonment of convicted criminals and are primarily concerned with the rehabilitation and restoration to a useful life of the parolee or probationer. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpel-*

*li*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The controlling consideration at revocation hearings is, therefore, whether the facts presented to the court are probative and reliable, and not whether traditional rules of procedure have been strictly observed. *Commonwealth v. Kates, supra.* This de-emphasis of procedure and concern for the best interests of the probationer or parolee have led the Superior Court, in *Commonwealth v. Alexander,* 232 Pa.Super. 57, 331 A.2d 836 (1974), to hold that the failure of an alleged probation violator to raise lack of notice at a revocation hearing does not result in waiver of that issue.[2]

■ These concerns also militate against imposing on the Commonwealth the burden of producing evidence of compliance with the notice requirements when that compliance has never been challenged. Such a rule would be no more than a procedural exercise unrelated to the integrity of the fact-finding process and inconsistent with the less-than-formal nature of revocation hearings. Furthermore, the interaction between this proposed burden of coming forward with evidence of uncontested adherence to notice requirements and the "no-waiver" rule is likely to produce unnecessary and unwarranted repetition of revocation hearings.

■ It was observed by Judge Cercone that the "no waiver" rule encourages an alleged parole or probation violator not to raise defects in notice at the revocation hearing:

". . . it is in the parolee's best interests not to bring that oversight to the court's attention; rather, that issue will only be raised on appeal, if the court revokes parole, giving the parolee two chances at a favorable decision by the court."

*Commonwealth v. Kile,* 237 Pa.Super. 72, 75, 346 A.2d 793, 795 (1975) (dissenting opinion of Cercone, J.)

**2.** This so-called "no-waiver" rule is what permits appellant, who did not allege any violations of the notice requirements at his revocation hearing, to raise the matter in this appeal.

This potential for abuse of the relaxed procedural standards was appropriately limited in *Commonwealth v. Spence*, 252 Pa.Super. 341, 381 A.2d 949 (1977). There, the Superior Court held that when a dispute as to a defect in notice arises for the first time on appeal and the record is insufficient to resolve the matter, the proper course of action is to remand for the limited purpose of determining whether in fact the notice was deficient. Only if this proves to be the case, will a new revocation hearing be ordered.[3] *Spence* thus removed the "double revocation hearing" incentive to alleging for the first time on appeal that there was a defect in notice if, in fact, the Commonwealth is prepared to prove the contrary.[4]

■ The burden which appellant here seeks to place on the Commonwealth would completely emasculate *Spence*. It would no longer matter that the Commonwealth can prove compliance with the notice requirements, for a second revocation hearing would automatically be required when proper notice does not appear of record, and without regard to the probationer's or parolee's failure to raise the issue at the first hearing. In fact, a second hearing would even be required in those cases where there was not only a failure to raise the issue at the revocation hearing, but also where, as in the instant case, *it is not even contended that proper written notice was not received.* Such cases do not merit relief; if the probationer cannot allege a defect in notice, he has not alleged an injury, and it is superfluous to repeat the entire hearing or any part thereof for the sole purpose of

3. It was noted in *Spence* and it is worthy of repetition that this does not relieve the Commonwealth of its burden of proving proper notice when the probationer or parolee challenges the same. Moreover, since the issue of notice is not subject to waiver, this also does not alter the fact that the *better practice* is for the Commonwealth to place evidence of compliance with the notice requirements on the record whenever expedient, and whether or not that issue has been raised. *See Commonwealth v. Spence, supra,* 252 Pa.Super. at 345 n. 1, 381 A.2d at 951 n. 1.

4. Compare *Commonwealth v. Harris*, 251 Pa.Super. 248, 380 A.2d 471 (1977), a case decided prior to *Spence* which supplied that incentive by implying that a new revocation hearing, rather than a remand for a limited purpose, would be ordered.

obtaining proof of compliance with a noncontested procedural matter.

Consequently, we reject appellant's contention that the Commonwealth's failure to place evidence of its uncontested adherence to the notice requirements on the record warrants a new revocation hearing, or a hearing as to due notice.

Judgment affirmed.[5]

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I agree with the majority that the correct disposition of appellant's due process claim turns on whether appellant did in fact receive written notice of the claimed violations of probation. I also share the majority's disapproval of the Superior Court majority's consideration of evidence *de hors* the record. However, I disagree with the majority that the notice issue can be resolved on the present state of the record. In my view, proper resolution of this claim requires a hearing limited to the question of notice.[1] For this reason, like Judge Price in his dissenting opinion, I would remand for the limited purpose of determining whether the notice requirement was satisfied.[2]

---

**5.** Appellant also contends that he was denied due process of law because the rape victim did not testify at the revocation hearing and because the Commonwealth failed to disclose its evidence against him prior to that hearing. Both of these contentions lack merit. See the opinion of the Superior Court, *supra,* 251 Pa.Super. at 432–433, 380 A.2d at 856–57.

**1.** I note that two of the Superior Court judges expressed the view that the letter which allegedly satisfied the notice requirement was completely illegible. (Hoffman, J., dissenting, joined by Spaeth, J.).

**2.** I note also that the Commonwealth's brief does not ask this Court to consider the "no waiver" rule created in *Commonwealth v. Alexander,* 232 Pa.Super. 57, 331 A.2d 836 (1974). Therefore, like the majority, I reserve judgment on whether this rule is mandated by *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973), or whether it is inconsistent with this Court's well-established policy of requiring preservation of objections for appeal. See e. g., *Dilliplane v. Lehigh Valley Trust,* 457 Pa. 255, 322 A.2d 114 (1974).