J-S80012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CASSIUS BUTLER | |
| Appellant | No. 251 MDA 2016 |

Appeal from the Judgment of Sentence December 7, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000137-2014

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

JUDGMENT ORDER BY LAZARUS, J.:             **FILED JANUARY 10, 2017**

Cassius Butler appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, after he was convicted, following a stipulated waiver trial, of theft by deception[1] and conspiracy to commit retail theft.[2]  Specifically, Butler challenges the trial court's denial of his motion to dismiss pursuant to Pa.R.Crim.P. 600.  For the reasons that follow, we affirm.

The fundamental tool for appellate review is the official record of the events that occurred in the trial court.  ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006), citing ***Commonwealth v. Williams***, 715 A.2d

---

[1] 18 Pa.C.S.A. § 3922(a)(1).

[2] 18 Pa.C.S.A. § 903; 18 Pa.C.S.A. § 3929(a)(3).

1101, 1103 (Pa. 1998). The law of Pennsylvania is well-settled that matters which are not of record cannot be considered on appeal. *Id.* *See also* *Commonwealth v. Bracalielly*, 658 A.2d 755, 763 (Pa. 1995); *Commonwealth v. Baker*, 614 A.2d 663, 672 (Pa. 1992); *Commonwealth v. Quinlan*, 412 A.2d 494, 496 (Pa. 1980). In the absence of an adequate certified record,[3] there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted. *Preston*, 904 A.2d at 7.

Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. *Commonwealth v. Kleinicke*, 895 A.2d 562, 575 (Pa. Super. 2006) (en banc). The Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). When the appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcripts must be deemed waived for the purpose of appellate review. *Williams*, 715 A.2d at 1105. It is not proper

---

[3] The certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court[.]" Pa.R.A.P. 1921.

for an appellate court to order transcripts, nor is it the responsibility of this Court to obtain the necessary transcripts. *Id.*

Here, Butler filed a motion for transcription of notes of testimony in which he requested "the notes of testimony from Defendant's Stipulated Waiver Trial[,] Plea Agreement and Sentencing held on December 7, 2015." Motion for Transcription, 2/3/16, at ¶ 3. However, the motion failed to request transcription of the Rule 600 motion hearing that occurred immediately prior to his waiver trial. The sole issue Butler raises on appeal is that the trial court erred in denying his Rule 600 motion. Because we are unable to conduct a meaningful review of Butler's claim without the transcript of the motion hearing, and because the absence of the transcript is not attributable to a breakdown in the judicial process, we are constrained to find Butler's claim to be waived. *See Williams*, *supra* (appellate review will not be denied if failure to transmit record was caused by extraordinary breakdown in judicial process).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017