J-A09016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY E. HAMILTON, | |
| Appellant | No. 497 MDA 2016 |

Appeal from the Judgment of Sentence February 23, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-SA-0000005-2016

BEFORE:  GANTMAN, P.J., SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 17, 2017**

Appellant, Harry E. Hamilton, appeals *pro se* from the judgment of sentence entered following his conviction of the summary offense of driving while operating privilege is suspended or revoked.[1]  In addition, Appellant has filed an application for post submission relief.  We deny Appellant's application and affirm the judgment of sentence.

We summarize the procedural history of this case as follows.  At approximately 11:30 p.m. on October 31, 2015, Officer Mark Swindell issued a traffic citation to Appellant, who was driving a gray Hyundai Tucson.  The citation charged Appellant with driving while his operating privilege was

_____

[1]  75 Pa.C.S. § 1543(a).

suspended or revoked. The citation indicated that Appellant's license had been suspended effective August 7, 2015.

On December 11, 2015, Appellant appeared before a district magistrate and was convicted. Appellant then timely appealed to the court of common pleas, and a hearing was scheduled for February 23, 2016, at 1:00 p.m. On February 19, 2016, Appellant filed a "Motion for Telephone Testimony and Continuance" seeking permission to have two attorneys who had been served subpoenas by Appellant to provide their testimony over the telephone. Also on that date, Appellant filed a "Motion for Nunc Pro Tunc Appeal Relief under Coram Nobis and Stay or Continuance" seeking permission to appeal a 2013 conviction for driving under suspension.

On February 22, 2016, the assistant chief counsel for the Pennsylvania Department of Transportation ("PennDOT") filed a "Motion to Quash Subpoena Pursuant to Pennsylvania Rule of Civil Procedure 234.4" alleging Appellant provided insufficient notice and service of the summary appeal hearing. In an order dated February 22, 2016, and filed on February 23, 2016, the trial court granted PennDot's motion on the basis of insufficient notice and service. The trial court's order further indicated that the court had received from PennDOT various court orders that were responsive to the subpoena at issue and noted that those documents would be made available to all parties and counsel at the time of the scheduled hearing.

- 2 -

On February 23, 2016, Appellant filed a motion to suppress all evidence for want of probable cause to effectuate the detention of Appellant on the night in question.[2] Also on that date, the trial court convicted Appellant of driving while operating privilege is suspended or revoked pursuant to 75 Pa.C.S. § 1543(a) and sentenced him to pay a fine of $200.00. In three additional orders dated February 23, 2016, the trial court (1) denied Appellant's motion to suppress, (2) denied Appellant's motion for *nunc-pro-tunc*-appeal relief under *coram nobis* and stay or continuance, and (3) granted the oral motion of attorney Ronald McGlaughlin to quash a subpoena. This timely *pro se* appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the trial court erred as a matter of law when failing to permit examination or a determination of probable cause for the stop and admitted evidence obtained without probable cause?

2. Whether the Court errs in directing an appellate Court for appeal?

3. Whether there is in fact a two part analysis under section 1543 and does it include proving the correctness of the records submitted from the Department of Transportation commencing with the initial suspension and essentially negating requested nunc pro tunc relief?

---

[2] We note that Appellant's motion to suppress was time-stamped at 12:57 p.m., which was three minutes before the 1:00 p.m. scheduled *de novo* hearing.

4. Whether the trial court acted with sufficient bias to require recusal?

5. Whether there was sufficient evidence to convict?

6. Whether the court improperly denied defense witnesses limiting examination and cross examination of witnesses?

7. Whether the Court errs in relying upon orders or directions of recused judges?

8. Whether the Court errs in not extending time to file a statement of matters complained of on appeal?

Appellant's Brief at 4.

Appellant first argues that the trial court erred in failing to grant his motion to suppress. Appellant's Brief at 8-9. Essentially, Appellant claims that there was never a "true suppression hearing" at which the officer would have been required to establish probable cause. *Id*. at 8.

The fundamental tool for appellate review is the official record of the events that occurred in the trial court. *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) (citing *Commonwealth v. Williams*, 715 A.2d 1101, 1103 (Pa. 1998)). The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. *Id*. *See also Commonwealth v. Bracalielly*, 658 A.2d 755, 763 (Pa. 1995); *Commonwealth v. Baker*, 614 A.2d 663, 672 (Pa. 1992); *Commonwealth v. Quinlan*, 412 A.2d 494, 496 (Pa. 1980). In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis upon which relief could be

granted.  ***Preston***, 904 A.2d at 7.  The certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court[.]"  Pa.R.A.P. 1921.

"We can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.'"  ***Commonwealth v. Brown***, \_\_\_ A.3d \_\_\_, 2017 PA Super 133, 2017 WL 1737932 at *18 (Pa. Super. filed May 4, 2017) (quoting ***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008)).  Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. ***Commonwealth v. Kleinicke***, 895 A.2d 562, 575 (Pa. Super. 2006) (*en banc*).  The Pennsylvania Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal.  Pa.R.A.P. 1911(a).  When the appellant fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcripts must be deemed waived for the purpose of appellate review.  ***Williams***, 715 A.2d at 1105.  ***See also*** Pa.R.A.P. 1911(d) (stating that "[i]f the appellant fails to take the action

- 5 -

required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."). It is not proper for an appellate court to order transcripts, nor is it the responsibility of this Court to obtain the necessary transcripts. *Williams*, 715 A.2d at 1105.

Our review of the record reflects that mere minutes before the scheduled *de novo* hearing, Appellant filed a motion to suppress. The trial court explained its procedure in handling Appellant's motion to suppress as follows:

> [A]lthough [Appellant's] motion was denied, and a separate suppression hearing was not conducted, [**Appellant**] **had the opportunity at the summary appeal hearing to challenge the lawfulness of his traffic stop**. Evidence presented by the Commonwealth was sufficient to establish that the stop and the inquiry into [Appellant's] license status [were] lawful, and [Appellant] did not present evidence sufficient to discredit the Commonwealth's evidence. Given the last minute nature of [Appellant's] suppression motion, and in light of the evidence presented, [Appellant's] Motion to Suppress for Want of Probable Cause was properly denied, and **the suppression-based objections lodged during the hearing were properly overruled**.

Trial Court Opinion, 5/13/16, at 4 (emphases added). Thus, it appears that the trial court addressed the content of Appellant's motion to suppress during the *de novo* hearing. However, upon review of the certified record before us, it is obvious that the transcript of the *de novo* hearing was not included in the certified record for transmittal to this Court. Our review of

the docket and the certified record index supports that finding. Therefore, Appellant failed to ensure that the complete record is before this Court for review. Accordingly, because we cannot review the issue pertaining to the denial of Appellant's motion to suppress without reference to the transcript of the *de novo* hearing, our review is hampered, and we are constrained to deem this issue to be waived on appeal.

Appellant presents the following as his second issue: "Whether the Court errs in directing an appellate Court for appeal?" Appellant's Brief a 9. However, the subsequent discussion in Appellant's brief contains a somewhat disjointed discussion interspersing vague claims with legal authority. In his discussion, Appellant makes reference to "combining" appeals, and he states that he "would have sought to combine the cases to show that the underlying conviction was a nullity." Appellant's Brief at 10. Nevertheless, Appellant fails to express with exactitude the cases that he believes should be combined.

As we have long expressed, it is an appellant's duty to present arguments that are sufficiently developed for review. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006). The brief must support the claims with pertinent discussion, with references to the record, and with citations to legal authorities. ***Id***. Indeed, this Court will not act as counsel and will not develop arguments on behalf of an appellant. ***Id***.

Here, the lack of analysis and discussion in the argument portion of Appellant's brief precludes us from conducting meaningful judicial review of Appellant's second issue. Accordingly, we are constrained to find this issue to be waived.

In issues three, four, five, and six, Appellant presents arguments pertaining to the *de novo* hearing held on February 23, 2016. Specifically, in issue three Appellant attempts to argue that the trial court erred in failing to require the Commonwealth to prove that PennDOT records regarding his suspension were correct. Appellant's Brief at 10-12. In issue four, Appellant argues that recusal was appropriate because of "incredible disrespect" shown to him. Appellant's Brief at 12. In issue five, Appellant argues that the verdict of guilt was improper because there was insufficient evidence that he was driving under suspension; in so doing, he attempts to challenge the validity of the suspension. Appellant's Brief at 12-13. In issue six, Appellant argues that the trial court improperly limited testimony. Appellant's Brief at 13.

As we discussed in our review of Appellant's first issue, the fundamental tool for appellate review is the official record of the events that occurred in the trial court. **Preston**, 904 A.2d at 6. Again, the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. **Kleinicke**, 895 A.2d at 575. As

previously noted, the transcript of the *de novo* hearing was not included in the certified record transmitted to this Court. Consequently, Appellant failed to ensure that the complete record is before us for review. Accordingly, we cannot review issues three, four, five, and six without reference to the transcript of the *de novo* hearing. Hence, our review is hampered, and we must deem these issues to be waived on appeal.[3]

_____

[3] We note that in his discussion pertaining to issue three, Appellant references a document in his reproduced record at page 14a. As we explained in **Preston**:

> The fundamental tool for appellate review is the official record of the events that occurred in the trial court. To ensure that an appellate court has the necessary records, the Pennsylvania Rules of Appellate Procedure provide for the transmission of a certified record from the trial court to the appellate court. The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal. Thus, an appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the **officially certified record** is deemed non-existent - a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. The emphasis on the certified record is necessary because, unless the trial court certifies a document as part of the official record, the appellate judiciary has no way of knowing whether that piece of evidence was duly presented to the trial court or whether it was produced for the first time on appeal and improperly inserted into the reproduced record. Simply put, if a document is not in the **certified record**, the Superior Court may not consider it.

**Preston**, 904 A.2d at 6-7 (emphases in original). We observe that neither of the documents appearing in Appellant's reproduced record appended to
*(Footnote Continued Next Page)*

In issues seven and eight, Appellant attempts to present arguments pertaining to racial bias and "disabilities." Appellant's Brief at 13-14. However, the discussions pertaining to these issues are not properly developed for appellate review. It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a). *See Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority").

In *Commonwealth v. B.D.G.*, 959 A.2d 362, 371-372 (Pa. Super. 2008), a panel of this Court offered the following relevant observation regarding the proper formation of the argument portion of an appellate brief:

> In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. *Commonwealth v. Williams*, 566 Pa. 553, 577, 782 A.2d 517, 532 (2001) (Castille, J., concurring). To do so places the Court in the conflicting roles of advocate and neutral arbiter. *Id*. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is

*(Footnote Continued)* ───────────────

his appellate brief at pages 14a and 15a is contained in the certified record that was transmitted to this Court. Accordingly, we may not review either of the items.

- 10 -

waived. ***Commonwealth v. Luktisch***, 680 A.2d 877, 879 (Pa. Super. 1996).

***Id***.

Here, Appellant's argument concerning issue seven consists of several sentences baldly alleging racial bias among members of the Centre County Court of Common Pleas. Appellant's Brief at 13. The argument pertaining to issue eight consists of the following single sentence: "This is an American with Disabilities Act consideration since [Appellant] can not often stay on top of the multitude of cases." Appellant's Brief at 13-14. Completely missing from either of Appellant's arguments is any discussion of legal authority or its relation to the instant case. Thus, neither of these issues is properly developed for our review as they fail to apply the law to the facts of the case. Accordingly, we are constrained to conclude that these issues are waived because the arguments are not adequately developed.

Finally, on April 10, 2017, after this Court heard oral argument, Appellant filed an application for post-submission relief pursuant to Pa.R.A.P. 2501. In his application, Appellant indicated that he is seeking to address questions from the panel and acceptance of his previously filed reply brief with supplemental reproduced record. Within his filing, Appellant seeks to bolster his original arguments pertaining to the trial court's handling of his motion to suppress. Generally, we will accept an application for post-submission communication when there has been a change in authority. Pa.R.A.P. 2501. No such change occurred herein. Hence, we deny

Appellant's application. Furthermore, with regard to reply briefs, we observe that such documents are due to be filed fourteen days after service of the preceding brief and three days before oral argument. Pa.R.A.P. 2185. Here, the Commonwealth filed its brief on November 21, 2016. Thus, Appellant's reply brief was due on December 5, 2016. However, Appellant did not file his reply brief until April 3, 2017, which was nearly four months after the due date, and one day before oral argument. Moreover, Appellant has appended to his reply brief various documents that are not part of the certified record before us on appeal. As previously stated, in Pennsylvania, an appellate court is limited to considering only the materials in the certified record when resolving an issue, and a deficient certified record cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record. *Preston*, 904 A.2d 6. Hence, we deny Appellant's application.

Application for post submission relief denied. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2017

- 12 -